# UNITED STATES DISTRICT COURT
for the

Middle District of Georgia

United States of America

v.

Jose Luis Pena-Ferreras

Case No: 7:23-CR-00015-001(WLS)

USM No: 45621-510

Date of Original Judgment: October 25, 2024
Date of Previous Amended Judgment: None
*(Use Date of Last Amended Judgment if Any)*

Chevene Bowers King, Jr.
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)(Amendment 821)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ **DENIED.**  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months is reduced to _____ .

*(Complete Parts I and II of Page 2 when motion is granted)*

Jose Luis Pena-Ferreras was originally sentenced on October 25, 2024, to an imprisonment term of 210 months followed by a five-year term of supervised release for the offense of Possession of Fentanyl with Intent to Distribute. Based on a total offense level of 37 and a criminal history category of I, the guideline imprisonment range was 210 to 262 months. Defendant's criminal history score was one and no additional points were added for being under a criminal justice sentence at the time the offense occurred.

Amendment 821 to the United States Sentencing Guidelines, now provides that a defendant with seven (7) or more criminal history points should receive one additional point (instead of two points) for being under a criminal justice sentence when the instant offense was committed. Further, Part B, subchapter 1 of Amendment 821 provides an eligible defendant with a two-level reduction under the newly created provision found at USSG § 4C1.1(a), if the defendant did not receive any criminal history points from Chapter 4, Part A. This change to the United States Sentencing Guidelines became effective November 1, 2023.

In this case, neither reduction applies, as the defendant was sentenced on October 25, 2024, applying The *Guidelines Manual*, effective November 1, 2023, and all amended criminal history guidelines were considered by the Court at that time. Pursuant to USSG § 1B1.10(a)(2), a reduction in a defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2). Because the defendant's advisory sentencing range remains unchanged, his Motions to Reduce Sentence (Docs. 138, 139) are **DENIED.**

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.

**IT IS SO ORDERED.**

Order Date: August 28, 2025

*Judge's signature*

Effective Date: _____
*(if different from order date)*

W. Louis Sands, Senior U.S. District Judge
*Printed name and title*