IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CASE NO: |
| JOSE LUIS PENA-FERRERAS, | : | 7:23-CR-15-WLS-TQL-1 |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Before the Court is Defendant Jose Luis Pena-Ferreras's *Pro Se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. 140) ("Motion"), filed on July 28, 2025. Therein, Defendant moves the Court for compassionate release because he received an unusually long sentence which he contends is the extraordinary and compelling reason to warrant such a reduction because the offense of conviction was his first offense, and that he was simply used as a "mule" for the drug operation. *Id.* at 6. Defendant also requests the appointment of counsel. The Court also received and reviewed the Memorandum of the United States Probation Office for the Middle District of Georgia ("USPO") recommending denial of the Motion. For the reasons set forth below, Defendant's Motion is **DENIED**.

I. **BRIEF BACKGROUND**

On February 15, 2023, a federal grand jury issued a three-count Indictment against Defendant Jose Luis Pena-Ferreras ("Pena-Ferreras" or "Defendant") and his Co-Defendant, Ismil Rodriguez-Aybar. Defendant Pena-Ferreras entered a plea of guilty to Count One of the Indictment charging him with Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vi). On October 17, 2024, Pena-Ferreras was sentenced to imprisonment for a term of 210 months, to be followed by supervised release for a term of 5 years. (Doc. 101 at 1–2). However, upon completion of his term of imprisonment, Pena-Ferreras is to be delivered to a duly authorized Immigration and Customs Enforcement official for the appropriate proceedings. (*Id.* at 5).

1

## II.  LAW AND DISCUSSION

Title 18 U.S.C. § 3582, prohibits the court from modifying a term of imprisonment once it has been imposed except that, as relevant here,

> The court, . . . upon motion of the defendant after the defendant *has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A).

Pena-Ferreras filed his Motion using AO Form 250 which specifically states that he is required to exhaust all administrative remedies prior to filing a motion for reduction with the Court. Yet, he checked the box indicating that he did not submit a request for compassionate release to the warden. The only reason given for his failure to do so is "[b]ecause it is my first offense I was used as a mule unfair long sentence term." (Doc. 140 at 3).

While the plain language of § 2582(c)(1)(A) requires that a defendant fully exhaust all administrative rights prior to filing a motion to modify his sentence with the court, the Eleventh Circuit has explained that

> Section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional; it neither speaks in jurisdictional terms nor refers in any way to the jurisdiction of the courts. Instead, the statute merely imposes a requirement on prisoners before they may move on their own behalf. And even though § 3582(c) is, broadly speaking, a grant of jurisdiction allowing courts to modify sentences under certain conditions, that doesn't mean the exhaustion requirement under § 3582(c)(1)(A) is jurisdictional.

*United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (citations and internal quotation marks omitted). The Eleventh Circuit stated that § 3582(c)(1)(A)'s exhaustion requirement "may be 'mandatory' in the sense that a court must enforce the rule if a party properly raises it, but [it is] not jurisdictional." *Id.*; *see also United States v. Rivero*, No. 21-10768, 2022 WL 168800, at *1 (11th Cir. Jan. 19, 2022) (per curiam) ("Although the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is a non-jurisdictional claims-processing rule, a defendant must show that he satisfied the requirement if the government raises the issue before the district court."); *but see United States v. Berry*, No. 21-12404, 2022 WL 1948711, at *1 (11th Cir. June 6, 2022) (per

2

curiam) (finding that district court did not abuse its discretion in *sua sponte* finding defendant's motion insufficient to satisfy the exhaustion requirement because he provided no evidence that he properly submitted his administrative request, that the warden received it, or that it contained extraordinary and compelling reasons for his release or a proposed release plan, as required by the Bureau of Prison's regulations as part of the administrative process).

Here, as noted above, Pena-Ferreras's Motion is on all fours with the defendant in *Berry*. In essence, Pena-Ferreras admits that he did not even attempt to satisfy the exhaustion requirements because he did not even submit a request for compassionate release to the warden at the facility in which he is incarcerated. To permit a defendant to ignore the statutory requirements in this instance allows him to rewrite the statute, makes the exhaustion requirement meaningless, and nothing in the Record of this matter supports a finding that enforcement of the exhaustion requirement is unduly prejudicial to Defendant.

Accordingly, Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. 140) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**, this 14th day of January 2026.

                                         /s/W. Louis Sands
                                         **W. LOUIS SANDS, SR. JUDGE**
                                         **UNITED STATES DISTRICT COURT**